IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEHEMIAH J.D. JACKSON, #1663314, Petitioner, | )<br>)<br>) |
| vs. | ) No. 3:15-CV-1977-G (BH) |
| | ) |
| LORIE DAVIS,[1] Director, Texas Department of Criminal Justice Correctional Institutions Division, Respondent. | )<br>)<br>)<br>) Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

### I. BACKGROUND

Nehemiah J.D. Jackson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of TDCJ-CID.

After pleading not guilty, Petitioner was convicted by a jury of possession with intent to deliver a controlled substance, and he received a 30 year sentence on June 23, 2006, in Cause No. F-05-60136 in Criminal District Court No. 4 in Dallas County, Texas. (*See* doc. 12-1 at 43[2].) The

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

judgment was affirmed on appeal. (*See* doc. 12-11 at 10); *Jackson v. State*, No. 05-06-01127-CR (Tex. App. – Dallas June 26, 2008). He did not file a petition for discretionary review. (*See* doc. 3 at 3); *see also* www.txcourts.gov (search for Petitioner). The appellate mandate issued on September 24, 2008. (*See* doc. 12-11 at 1.) His first state application for writ of habeas corpus was signed on September 5, 2008, and received by the state court on September 17, 2008, before the appellate mandate had issued. (*See* doc 12-14 at 18, 45.) The state habeas application was dismissed because the appellate mandate had not yet issued and the conviction was not final when the habeas application was filed. (Doc. 12-14 at 2); *see Ex parte Jackson*, WR-71,468-01 (Tex. Crim. App. Feb. 25, 2009). His second state habeas application was signed on October 3, 2012, and received by the state court on October 9, 2012. (*See* doc 13-9 at 6, 17.) That application was denied without written order. (*See* doc. 12-16); *see Ex parte Jackson*, WR-71,468-02 (Tex. Crim. App. Feb. 4, 2015). He then filed a third state habeas application that was dismissed under Texas Code of Criminal Procedure article 11.07, § 4. (*See* doc. 17 at 4); *see Ex parte Jackson*, WR-71-468-03 (Tex. Crim. App. Sept. 16, 2015).

Petitioner's federal petition, mailed on April 29, 2015, raises the following claims: (1) he was not timely notified that a deadly weapon finding would be sought, and (2) counsel was ineffective for failing to object to the untimely notice regarding a deadly weapon, move for a suppression hearing, move for disclosure of the informant's identity, and request scientific evidence. (*See* doc. 3 at 6-7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for

habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.     Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Petitioner claims that he first became aware that his attorney was not timely notified that a deadly weapon finding would be sought when counsel filed an affidavit in response to a his state habeas application. The facts supporting Petitioner's claims either became known or could have become known prior to the date his judgment became final. The one-year statute of limitations is therefore calculated from the date his conviction became final.

Petitioner did not file a petition for discretionary review with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-

3

day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on June 26, 2008. The thirtieth day after June 26 was July 26, 2008. Because that was a Saturday, the last day to file a petition for discretionary review was Monday July 28, 2008. *See* Tex. R. App. P. 4.1. The one-year limitations period ended on July 28, 2009. Petitioner filed this § 2254 petition on April 29, 2015, the date it was mailed, which was several years after his conviction became final in 2008. A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

B.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first state habeas application was dismissed because it was filed before the appellate mandate was issued. That application did not toll the limitations period. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004). Petitioner did not file his second and third state habeas applications until several years after the one-year limitations period expired, and they did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of

day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on June 26, 2008. The thirtieth day after June 26 was July 26, 2008. Because that was a Saturday, the last day to file a petition for discretionary review was Monday July 28, 2008. *See* Tex. R. App. P. 4.1. The one-year limitations period ended on July 28, 2009. Petitioner filed this § 2254 petition on April 29, 2015, the date it was mailed, which was several years after his conviction became final in 2008. A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

B.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first state habeas application was dismissed because it was filed before the appellate mandate was issued. That application did not toll the limitations period. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004). Petitioner did not file his second and third state habeas applications until several years after the one-year limitations period expired, and they did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of

day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on June 26, 2008. The thirtieth day after June 26 was July 26, 2008. Because that was a Saturday, the last day to file a petition for discretionary review was Monday July 28, 2008. *See* Tex. R. App. P. 4.1. The one-year limitations period ended on July 28, 2009. Petitioner filed this § 2254 petition on April 29, 2015, the date it was mailed, which was several years after his conviction became final in 2008. A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

B.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's first state habeas application was dismissed because it was filed before the appellate mandate was issued. That application did not toll the limitations period. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004). Petitioner did not file his second and third state habeas applications until several years after the one-year limitations period expired, and they did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of

equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

SIGNED on this 28th day of April, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE